# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT MACKEY,

          Petitioner,    :    Case No. 3:19-cv-290

  - vs -                           District Judge Walter H. Rice
                                    Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
  Lebanon Correctional Institution,

                                          :
          Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case is brought *pro se*[1] by Petitioner Robert Mackey under 28 U.S.C. § 2254 to obtain release from his imprisonment as a result of his conviction in the Court of Common Pleas of Clark County, Ohio, in that court's Case No. 97-CR-318 (Petition, ECF No. 4, PageID 23).

This is not Mackey's first case in this Court collaterally attacking that conviction. In Case No. 3:09-cv-255, Mackey filed a Petition for Writ of Habeas Corpus seeking relief from the same conviction. This Court denied relief on the merits, a denial that became final when the Supreme Court denied certiorari October 15, 2013 (ECF No. 43). In Case No. 3:12-cv-073, Mackey attacked the same Clark County, Ohio, conviction after a re-sentencing to impose post-release control. This Court transferred the Petition to the United States Court of Appeals for the Sixth Circuit as a second or successive habeas application (ECF No. 25). In the Sixth Circuit, Mackey

---

[1] Mackey was represented by counsel in his two prior habeas corpus cases in this Court and in the Sixth Circuit.

1

argued that court should determine this Court was wrong in finding the Petition to be second or successive. Because he had neither appealed from our determination that the Petition was second or successive nor sought permission to proceed if it was, the Sixth Circuit found he was seeking an advisory opinion which it declined to give. *In re: Robert L. Mackey*, Case No. 13-3072 (6th Cir. Jul 17, 2013) (copy at ECF No. 26 in Case No. 3:12-cv-073). He then moved in the same Sixth Circuit case for permission to proceed on a second petition. That court denied permission. *In re: Robert L. Mackey*, Case No. 13-3072 (6th Cir. Jun. 26, 2014) (copy at ECF No. 27 in Case No. 3:12-cv-073).

In the instant Petition, Mackey claims this is not a second or successive habeas application because the count begins anew "if the new petition challenges the original undisturbed conviction[.]" (ECF No. 4, PageID 28-29, quoting *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016)). In *Crangle*, the court noted that its prior decision in *Mackey v. Warden*, 525 F. App'x 357 (6th Cir. 2013) (per curiam), was no longer good law in light of *King v. Morgan*, 807 F.3d 154 (6th Cir. 2015). 838 F.3d at 676-77. *Crangle* holds a new judgment, at least if it imposes a worse than before sentence by imposing post-release control in lieu of parole, resets the statute of limitations clock. *Id*. at 677.

A *pro se* litigant is entitled to liberal construction of his or her pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Although Mackey has presented his argument on the standard form prescribed for § 2254 proceedings, he seeks relief from the judgment in his 2012 habeas case, the judgment whose affirmance the Sixth Circuit has held, in a published opinion, is no longer good law. Mackey writes:

> Petitioner now ask [sic] this federal District Court of appeals to rely upon the holding in *Crangle v Kelly*, to control the decision that this court face[s] herein.

> \* \* \*
>
> Petitioner asserts that he is Mackey, and has good grounds for filing his Habeas Petition as the law has changed in his favor and ask his court to accept his First Ground for relief and allow his Petition to be herd [sic] and not considered as a second Successive pursuant to 2244 (d)(l)(A).

(Petition, ECF No. 4, PageID 28-29).

The Court should construe Mackey's First Ground for Relief as a motion for relief from the judgment entered in Case No. 3:12-cv-073. Once a district court decides that a filing is a second or successive habeas application, it lacks jurisdiction to do anything with the filing except transfer it to the circuit court. *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016). On the other hand, a motion for relief from judgment under Fed.R.Civ.P. 60(b), if it attacks the prior judgment instead of raising new claims for habeas corpus relief, does not constitute a second or successive petition. *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

If we accepted Mackey's Petition as written, it plainly is second or successive and would have to be transferred to the Sixth Circuit. It attacks the same judgment that he attacked in Case No. 3:09-cv-255. Even assuming the second or successive count starts over with the resentencing judgment in 2011, he has already filed a petition on that theory in Case No. 3:12-cv-073.

Construing the instant Petition as a motion for relief from judgment allows this Court to consider it, but does not provide Mackey with a basis for relief. Fed.R.Civ.P. 60(b)(1) allows relief from judgment if the district court has made an error of law, but we did not. In fact, we were affirmed in our reading of the statute of limitations; *Crangle* was not decided until 2016. And in any event, a motion under Rule 60(b)(1) must be made within one year of the judgment and the instant Petition was filed September 17, 2019, more than six years after this Court transferred the

prior case to the Sixth Circuit, and more than five years after that court denied Mackey permission to proceed.

Fed.R.Civ.P. 60(b)(6) motions for relief from judgment must be filed within a "reasonable" time, not within the strict one-year limitation provided in Fed.R.Civ.P. 60(c). But six years is not a reasonable time. If we counted from the date *Crangle* was decided (September 22, 2016), Mackey waited three years after that. Three years is not a reasonable time.

Moreover, the Sixth Circuit has held that a change in the law is not the kind of extraordinary circumstance that justifies reopening under Fed.R.Civ.P. 60(b)(6). *Moore v. Mitchell*, 848 F.3d 774, 777-78 (6th Cir. 2017), cert den. 138 S. Ct. 650 (2018).

**Conclusion**

The Magistrate Judge respectfully recommends that the Court construe the instant Petition as a motion for relief from the judgment in Case No. 3:12-cv-073 but deny that motion because it is untimely made and the change in the law represented by *Crangle* does not justify relief under Fed.R.Civ.P. 60(b)(6). Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 20, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).