# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT MACKEY,

        Petitioner,    :    Case No. 3:19-cv-290

- vs -    District Judge Walter H. Rice
    Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
  Lebanon Correctional Institution,

    :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 10) Magistrate Judge's Report and Recommendations (ECF No. 5). District Judge Rice has recommitted the case for reconsideration in light of the Objections (Recommittal Order).

In the Petition, Mackey seeks relief from his conviction in the Clark County Court of Common Pleas in that court's Case No. 97-CR-318. Mackey previously attacked that conviction in habeas corpus Case No. 3:09-cv-255; our judgment became final October 15, 2013 when the Supreme Court of the United States denied certiorari. In 2012 Mackey again attacked that conviction after a re-sentencing to impose post-release control. This Court transferred the case to the Sixth Circuit as a second-or-successive habeas application and the circuit court refused to permit Mackey to proceed. *In re: Robert L. Mackey*, Case No. 13-3072 (6th Cir. Jun. 26, 2014) (copy at ECF No. 27 in Case No. 3:12-cv-073).

In his Petition, Mackey noted that the Sixth Circuit its prior decision on appeal in Mackey's

1

case, reported at *Mackey v. Warden*, 525 F. App'x 357 (6th Cir. 2013), was no longer good law in light of King v. Morgan, 807 F.3d 154 (6th Cir. 2015).

In order to retain jurisdiction in this Court to decide Mackey's present case, the Report recommended that the Petition be construed as a motion for relief from judgment in Mackey's first case, but also recommended that, as thus construed, it be denied because it was untimely (ECF No. 5, PageID 38-39).

Mackey objects to construing his Petition as a motion for relief from judgment. Instead, he says, the law changed in his favor when the Sixth Circuit decided in *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016), that the AEDPA statute of limitations is restarted when an Ohio sentence is modified by imposition of post-release control. While that is true, it does nothing to help Mackey because the statute of limitations is one year and *Crangle* was decided September 22, 2016 while Mackey's present Petition was not filed until three years later. And even assuming the Sixth Circuit would somehow allow Mackey to take advantage of Crangle, that permission would have to come from the circuit court, since this is the second habeas application attacking the Clark County conviction since Mackey was re-sentenced.

The Petition is barred by the statute of limitations, but this Court cannot enter judgment to that effect because we lack jurisdiction over a second or successive petition. *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016). It is therefore respectfully recommended this case be TRANSFERRED to the Sixth Circuit Circuit Court of Appeals for a determination under 28 U.S.C. § 2244(b) on whether it may proceed.

October 23, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).