# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT MACKEY,

    Petitioner,  : Case No. 3:19-cv-290

- vs -        District Judge Walter H. Rice
           Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
 Lebanon Correctional Institution,

              :
    Respondent.

# ORDER

This habeas corpus case is before the Court on remand from the Sixth Circuit Court of Appeals. *In re: Robert L. Mackey,* Case No. 19-4178 (6th Cir. May 13, 2020)(unreported; copy at ECF No. 18).

This Court had transferred the case to the Sixth Circuit upon a determination that the District Court did not have jurisdiction because the Petition was second-or-successive (ECF No. 16, adopting Supplemental Report and Recommendations (ECF No. 12).

Upon consideration of the transferred case, the Sixth Circuit held:

> The district court should not have transferred Mackey's petition to this court because the only two substantive grounds for habeas relief that he asserted are not second or successive, given that the events giving rise to the claims did not occur until at least 2016, which is after Mackey's previous habeas petitions were adjudicated. See In re Jones, 652 F.3d 603, 605 (6th Cir. 2010).  We need not address Mackey's arguments concerning *Magwood*, *King*, and *Crangle* or decide whether the second-or-successive restrictions would apply to other habeas claims that Mackey might raise because he did not assert additional claims in the district court or seek authorization to

1

raise such claims in his corrected motion for authorization.

*Mackey, supra,* slip opinion at 3, PageID 60. The circuit court thereupon denied as unnecessary Mackey's motion for authorization to proceed and remanded the case to this Court.

Because the Sixth Circuit indicated no mandate would issue, its Order returns jurisdiction to this Court. Accordingly, the Clerk is ORDERED to reopen this case on the docket.

The two substantive claims Mackey makes in his Petition are

> **GROUND TWO**
> Did the trial court err in failing to find Petitioner was unavoidably prevented from timely obtaining recantations from two witnesses who testified at Petitions trial?
>
> **GROUND THREE**
> Did the trial court err in failing to strike an untimely post-hearing memorandum filed by the State of Ohio?

(Petition, ECF No. 4, PageID 31, 34.)

On its face, the Petition makes no claim that these two asserted trial court errors somehow violated Petitioner's rights under the United States Constitution. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). That is to say, this Court does not sit to correct asserted errors of state law committed by state courts.

Accordingly, it is hereby ORDERED that Petitioner file not later than June 1, 2020, a supplement to his Petition stating what if any rights under the Constitution he claims these trial court errors violated. Once the supplement has been filed, the Court will be able to determine under Rule 4 of the Rules Governing § 2254 Cases whether or not to order Respondent to file an answer and the State Court Record.

IT IS SO ORDERED.

May 14, 2020.

s/ *Michael R. Merz*  
United States Magistrate Judge