# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT MACKEY,

        Petitioner,     :     Case No. 3:19-cv-290

- vs -     District Judge Walter H. Rice
     Magistrate Judge Michael R. Merz

CHAE HARRIS, Warden,
  Lebanon Correctional Institution,

     :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on remand from the Sixth Circuit Court of Appeals. *In re: Robert L. Mackey,* Case No. 19-4178 (6th Cir. May 13, 2020)(unreported; copy at ECF No. 18).

This Court had transferred the case to the Sixth Circuit upon a determination that the District Court did not have jurisdiction because the Petition was second-or-successive (ECF No. 16, adopting Supplemental Report and Recommendations (ECF No. 12)).

Upon consideration of the transferred case, the Sixth Circuit held:

> The district court should not have transferred Mackey's petition to this court because the only two substantive grounds for habeas relief that he asserted are not second or successive, given that the events giving rise to the claims did not occur until at least 2016, which is after Mackey's previous habeas petitions were adjudicated. See *In re Jones,* 652 F.3d 603, 605 (6th Cir. 2010). We need not address Mackey's arguments concerning *Magwood*, *King*, and *Crangle* or decide whether the second-or-successive restrictions would apply to other habeas claims that Mackey might raise because he did not assert additional claims in the district court or seek authorization to

1

raise such claims in his corrected motion for authorization.

*Mackey, supra,* slip opinion at 3, PageID 60.  The circuit court thereupon denied as unnecessary Mackey's motion for authorization to proceed and remanded the case to this Court.

The two substantive claims the circuit court refers to that Mackey makes in his Petition are

> **GROUND TWO**
>
> Did the trial court err in failing to find Petitioner was unavoidably prevented from timely obtaining recantations from two witnesses who testified at Petitions trial?
>
> **GROUND THREE**
>
> Did the trial court err in failing to strike an untimely post-hearing memorandum filed by the State of Ohio?

(Petition, ECF No. 4, PageID 31, 34.)

On its face, the Petition makes no claim that these two asserted trial court errors somehow violated Petitioner's rights under the United States Constitution.  The Magistrate Judge therefore ordered Mackey to supplement his Petition by stating what if any rights under the Constitution he claims these trial court errors violated (ECF No. 19).  Mackey has now done so (ECF No. 21), making the Petition ripe for initial review under Rule 4 of the Rules Governing § 2254 cases.

Under Rule 4, the Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

To state the constitutional claims he believes were violated by the state courts, Mackey attaches and incorporates by reference portions of his Memorandum in Support of Jurisdiction in the Supreme Court of Ohio in 2018.  His grounds for relief, as the Magistrate Judge understands them from that Memorandum, are

2

> **Ground One:** when a Defendant is not allowed to present evidence at an evidentiary hearing that a trial court determines exceeds the mandate of an appellate court decision and both the trial court and appellate court make their determinations based upon evidence outside of the mandate, a Defendant's Fourteenth Amendment rights under the United States Constitution (due process and equal protection) and their Ohio counterparts are violated.
>
> **Ground Two:** a blanket rule that holds that a witness is not credible because he or she has been previously convicted of a crime violates the Due Process and Equal Protection clause[s] of the Fourteenth Amendment to the United States Constitution and the Sixth Amendment right to compel witnesses in one's own behalf.

(Supplement, ECF No. 21, PageID 68.)

These two claims were never considered on the merits by the Supreme Court of Ohio. After Mackey's petition for post-conviction relief was denied by the Common Pleas Court, he appealed to the Ohio Second District Court of Appeals which affirmed dismissal of his petition for post-conviction relief under Ohio Revised Code § 2953.21. *State v. Mackey*, 2018-Ohio-516 (Ohio App. 2d Dist. Feb. 9, 2018. The Ohio Supreme Court, presented with the Memorandum in Support of Jurisdiction which Mackey incorporates in his Supplement, declined to exercise appellate jurisdiction. *State v. Mackey,* 2018-Ohio-2155 (2018).

The two claims presented to the Ohio Supreme Court, presented again here, were never ruled on by the Second District because they were never presented to that court. Instead, Mackey presented the Second District with the two claims labeled Grounds Two and Three, reprinted above, which the Sixth Circuit found he did not need permission to present to this Court under 28 U.S.C. § 2244(b) because they arose after his prior habeas proceedings were concluded. Because Mackey's Petition said nothing about why the trial court errors of which he complains deprived him of any constitutional rights, the Court ordered him to supplement with that information. Instead, he has presented two new claims which this Court cannot consider on the merits because they were never presented to the Ohio courts and are therefore procedurally defaulted.

3

This Court must therefore analyze the two claims Mackey actually did present in his Petition and on which the Sixth Circuit said he could proceed without their permission. Rephrasing the claims in terms of the United States Constitution, they are

> **GROUND TWO**
>
> The trial court violated Petitioner's constitutional rights when it failed to find Petitioner was unavoidably prevented from timely obtaining recantations from two witnesses who testified at Petitioner's trial.
>
> **GROUND THREE**
>
> The trial court violated Petitioner's constitutional rights when it failed to strike an untimely post-hearing memorandum filed by the State of Ohio.

The Magistrate Judge makes this rephrasing because this Court has a duty to liberally construe a *pro se* litigant's pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). If this Court read Mackey's Grounds for Relief literally, it would be bound to dismiss the Petition on its face, because the claims as pleaded speak only of trial court error, not constitutional violation. And of course this Court has habeas corpus jurisdiction only to consider whether state court convictions violate the federal Constitution. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).

At one level of analysis, these claims are procedurally defaulted because they were not presented to the Second District Court of Appeals as constitutional claims. To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,*

4

509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991).

Alternatively, the Court could look past the procedural default and consider these claims on the merits. If it did so, it would properly find that the trial court did not violate Mackey's constitutional rights in the ways he claims.

In Ground Two, Mackey claims his constitutional rights were violated when the Common Pleas Court failed to find he was unavoidably prevented from timely obtaining recantations from two witnesses who testified at Petitioner's trial. In considering this assignment of error on direct appeal, the Second District held:

> [*P5] On remand, the trial court held an August 3, 2015 evidentiary hearing to determine whether Mackey had been unavoidably prevented from timely discovering Buggs' and Peterson's recantations. Mackey testified at the hearing along with Peterson, Buggs, and Mackey's mother, Maryam Muhammad. After considering their testimony, the trial court held that Mackey had failed to establish being unavoidably prevented from timely discovering the recantations at issue. It reasoned in part:
>
>> This is not a case of "new evidence recently discovered." The defendant's motion is based upon the allegation that the witnesses lied at his trial. He argues that he was unavoidably prevented from presenting the contradictory evidence showing that the witnesses lied at his trial until they were willing to come forward and admit the same. This gives rise to the credibility of the affidavits.
>>
>> The affidavits recant the testimony of the witnesses given during the trial. They are statements of the witnesses given years after the trial on behalf of an individual who personally and/or through family has close connections with the witnesses. Further, as indicated in the Court's prior order, the records indicate that both of these witnesses have prior felony convictions for trafficking in drugs, which would be one factor in weighing their credibility.
>>
>> Upon review of the record of this case, the Court finds that the petition has been filed out of the time period allowed

5

>pursuant to O.R.C. section 2953.21 and the defendant has failed to establish any exception set forth in O.R.C. section 2953.23 that applies to the factual history of this case.
>
>It is therefore ORDERED that the Petition be DENIED.

(Doc. #78 at 1-2).

[*P6]  On appeal, Mackey challenges the trial court's finding that he was not unavoidably prevented from timely obtaining the recanting affidavits of Peterson and Buggs. Mackey asserts that his witnesses presented uncontroverted testimony explaining the efforts made to obtain the affidavits, the delay in obtaining them, and the circumstances that led Peterson and Buggs to provide them. With regard to the trial court's credibility determinations, Mackey contends the issue before the trial court was not whether the recantations were true or false. According to Mackey, the sole issue was whether he was unavoidably prevented from obtaining them in a timely manner. In any event, Mackey also challenges the trial court's credibility determinations on the merits. He argues that Peterson and Buggs did not present inconsistent or conflicting testimony. He also asserts that the witnesses' criminal records and the fact that he may have had personal or family connections with the witnesses does not necessarily render them non-credible, particularly where the State relied on the credibility of those same witnesses to obtain his conviction.

[*P7]  Under then-existing R.C. 2953.21(A)(2), Mackey was required to file his petition within a 180-day time limit, which expired on or about May 2, 1999. See *Mackey* at ¶ 14. As relevant here, a court may not entertain a late petition unless "both of the following apply:" (1 ) that he "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim" and (2) "[t]he petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty." R.C. 2953.23(A). These twin showings are jurisdictional requirements that must be met before a trial court may consider his otherwise-untimely petition for post-conviction relief. *State v. Baker,* 2d Dist. Montgomery No. 27596, 2017-Ohio-8602, ¶ 12.

[*P8]  As set forth above, the trial court ruled that Mackey's petition was untimely and that he had failed to make the showing necessary to avoid the time bar. We review this ruling for an abuse of discretion, which most often involves an "unreasonable" decision that is not supported by a sound reasoning process.

6

112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58; *Mackey* at ¶ 11. In conducting our review, we must give deference to the trial court's post-evidentiary-hearing findings and credibility determinations. *Id.* at ¶ 47; *State v. Hathaway*, 2d Dist. Greene No. 2015-CA-11, 2015-Ohio-5299, ¶ 21.

[*P9] With the foregoing standards in mind, we see no abuse of discretion in the trial court's ruling. As a threshold matter, we see no error in the trial court making credibility determinations. The central issue before the trial court was whether Mackey had been unavoidably prevented from timely obtaining the recantations. But resolution of that issue involved matters of credibility insofar as the witnesses were required to explain, either in their affidavits or at the hearing or at both times, the efforts made to obtain the recantations, the reasons for the delay, and the circumstances that led to the affidavits being provided. The trial court appears to have disbelieved the explanations, which it had discretion to do.

[*P10] We have repeatedly stated that evidence which recants testimony given at trial is "looked upon with the utmost suspicion." See, e.g., *State v. Rossi*, 2d Dist., Montgomery No. 24740, 2012-Ohio-2545, ¶ 17. This is "because, 'where a witness makes subsequent statements directly contradicting earlier testimony the witness either is lying now, was lying then, or lied both times.'" *United States v. Earles,* 983 F.Supp. 1236, 1248 (N.D.Iowa 1997), quoting *United States v. Provost*, 969 F.2d 617, 620 (8th Cir. 1992). We see no reason why the recanted testimony dichotomy cannot be part of the trial court's evaluation of the credibility of those witnesses. Additionally, we note that Buggs' affidavit states "I wanted to provide this information after Mr. Mackey was convicted years ago, but I never heard from his attorney," Buggs' Affidavit at ¶ 10, indicating a willingness to change his testimony years earlier. Peterson's "affidavit" does not explain when she was willing to change her story or why it took some 15 years. And at the hearing, although she testified that after the trial she wanted no involvement with the case, "I came to court, did what I had to do, and just tried to leave it alone; and I didn't want to have contact with anyone, no one." Hearing Transcript, August 3, 2015, at 25. But she has always lived in Springfield, except for a short stint in Marysville prison. *Id*. at 30. She has had contact with Mackey's family over the years and their children went to school together. *Id*. at 36. Referring to Mackey's family in the courtroom she said "these are just people that I see all the time." *Id*. at 37. When asked if there was any reason she couldn't be found she said "[n]o reason at all." *Id*. at 38.

7

> [*P11] The trial court appears to have also disbelieved the substance of the recantations in the affidavits. Although the narrow issue before the trial court was whether Mackey had been unavoidably prevented from obtaining the affidavits from Peterson and Buggs, we see no reason why the trial court also could not consider their recantations to the extent as it reflects on the credibility of the hearing testimony. This is not a case where the trial court ruled based solely on paper affidavits. Rather, the trial court held an evidentiary hearing during which it heard Peterson and Buggs explain what led them to recant their trial testimony. On this record, we cannot say that the trial court's conclusion, that Mackey failed to prove that he was unavoidably prevented from obtaining the evidence on which he relies, was unreasonable.

*Mackey, supra.*

There is no rule of federal constitutional rule that a state court judge must believe witnesses who recant their trial testimony fifteen years after trial and where there are other reasons, recited by the trial judge on the record, for why their testimony is not credible. Appellate courts ordinarily give great deference to credibility findings of trial court judges who have actually observed the witnesses in open court. Even more are habeas corpus courts required to defer to such credibility findings, especially when they are justified by subordinate findings of historical fact such as happened here, e.g., continued contact with Mackey's family. The trial court committed no constitutional violation in finding the recanting witnesses not to be credible. Mackey's Ground Two is therefore without merit.

In Ground Three Mackey asserts[1] that the trial court committed constitutional error when it failed to strike an untimely memorandum of law filed by the State of Ohio. Mackey presented this claim to the Second District as his second assignment of error on appeal from dismissal of his post-conviction petition. The Second District decided the claim as follows:

---

[1] That is, his Ground Three is liberally construed to assert.

> [*P14] In his second assignment of error, Mackey claims the trial court erred in failing to strike an untimely post-hearing memorandum filed by the State.
>
> [*P15] The record reflects that the trial court gave the parties until the end of the week to file post-hearing memos after the evidentiary hearing held on Monday, August 3, 2015. Mackey filed his memorandum on Friday, August 7, 2015. (Doc. #75). The State did not file its memorandum until February 22, 2016. (Doc. #76). On March 7, 2016, Mackey moved to strike the tardy memorandum. (Doc. #77). In support, he noted that the State's filing was late and that it purported to cite a hearing transcript that Mackey had not obtained prior to filing his memorandum. The trial court subsequently denied Mackey's post-conviction relief petition more than a year later on April 4, 2017, without explicitly ruling on his motion to strike.
>
> [*P16] Given the trial court's failure to address the motion to strike, it implicitly was overruled. *State v. Matthews*, 2d Dist. Greene No. 2015-CA-73, 2016-Ohio-5055, ¶ 15. We review that decision for an abuse of discretion. *Furnas v. Clay Twp. Trs.*, 2d Dist. Montgomery No. 25239, 2012-Ohio-5408, ¶ 36-37. We see no abuse of discretion in the trial court's refusal to strike the State's memorandum. Other than the fact that the State filed it beyond the allowed time, Mackey's only complaint was that it purported to cite a hearing transcript, which Mackey did not have and which the State did not attach to its memorandum. But regardless of whether Mackey had access to the hearing transcript, the trial court itself had access to the testimony that it heard during the hearing. Likewise, we have access to a transcript of the evidentiary hearing on appeal. That being so, we fail to see how Mackey would have been any better off if the trial court had stricken the State's memorandum or how he was prejudiced by the failure to do so. At a minimum, the trial court did not abuse its discretion in refusing to strike the tardy memorandum. The second assignment of error is overruled.

*Mackey, supra*.

If it was not an abuse of discretion to fail to strike the tardy memorandum, much less did it violate Mackey's constitutional rights. In general judges have wide discretion to extend time deadlines, even those embedded in rules of procedure. See, for example, Fed.R.Civ.P. 6(b). In this case the deadline for briefing was set not by rule, but by the trial court's own scheduling order.

Mackey cites no authority and none is known to the Magistrate Judge which constitutionalizes deadlines of that sort.  Even if Ohio law included a deadline for this sort of memorandum, violation of that deadline would not be a denial of due process of law.  Failure to abide by state law is not itself a constitutional violation.  *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976);  *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976).  "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable."  *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995).

       Mackey's Ground Three is also without merit and should be dismissed.

**Conclusion**

       Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 29, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.